TERRI LYNN ELLIS, Plaintiff-Appellant, *v.* SENTRY INSURANCE COM-
PANY, Defendant-Appellee.

First District (3rd Division)   No. 83—1387

Opinion filed June 13, 1984.

John L. Cifelli & Associates, Ltd., of Chicago Heights (Luciano Panici, of
counsel), for appellant.

Stephen M. Passen, Ltd., of Chicago (Stephen M. Passen, of counsel), for
appellee.

JUSTICE WHITE delivered the opinion of the court:
Plaintiff, Terri Lynn Ellis, brought this declaratory judgment
action to determine whether the uninsured-motorist provision of an
automobile insurance policy issued by defendant, Sentry Insurance

Co., to her father is applicable to her claims against the uninsured driver of a motorcycle. The circuit court of Cook County granted summary judgment in favor of defendant, finding that the provision was not applicable. Plaintiff appeals from this determination.

The facts are not in dispute. On June 1, 1979, plaintiff sustained injuries while riding as a passenger on a motorcycle operated by Dennis Callahan, who was not insured. Prior to that date, defendant had issued a policy of automobile insurance to plaintiff's father, George Ellis, which was in effect on the day of the occurrence. The insured vehicle, designated on the declaration page of the policy, was a 1975 Ford automobile, and the policy provided uninsured motorist coverage in the amount of $10,000 per person, $20,000 per occurrence. Since plaintiff was a member of the household of her father on that day, she was an insured under the policy.

Defendant denied that the uninsured motorist provision of the policy was applicable to the occurrence, basing its denial on the following language of that provision:

"We promise to pay the *damages you're* legally entitled to receive from the owner or operator of an uninsured *motor vehicle* because of bodily injury. We'll pay these *damages* for bodily injury *you* suffer in a *car accident* while *occupying a car* or, as a pedestrian, as a result of having been struck by an uninsured *motor vehicle*." (Emphasis in original.)

The policy also contained the following definitions of "car," "car accident," and "motor vehicle":

"A *car* is a 4 wheel *motor vehicle* licensed for use on public roads. It includes any motor home that isn't used for business purposes and any *utility trailer*. A *car accident* is an unexpected and unintended event that causes bodily injury or property damage and arises out of the ownership, maintenance or use of a *car* or other *motor vehicle*.
\*\*\*

A *motor vehicle* is a land motor vehicle designed for use on public roads. It includes *cars* and trailers. It also includes any other land motor vehicle while used on public roads." (Emphasis in original.)

Subsequently, plaintiff filed this declaratory judgment action, asking the circuit court to determine whether she was entitled to uninsured motorist benefits. Thereafter, defendant moved for summary judgment, contending that the uninsured motorist provision limited uninsured motorist coverage to injuries sustained "in a car accident while occupying a car" or "as a pedestrian, as a result of having been

struck by an uninsured motor vehicle." Since plaintiff was occupying a motorcycle rather than a car at the time of the alleged occurrence, defendant contended that the uninsured motorist provision of the policy was not applicable. Plaintiff filed a cross motion for judgment on the pleadings, contending that section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1979, ch. 73, par. 755a) required defendant to provide uninsured motorist coverage to persons insured under the insurance policy for injuries sustained in an accident while riding as a passenger on a motorcycle driven by an uninsured motorist, and consequently, that the attempted limitation on coverage as ineffective. The circuit court granted defendant's motion for summary judgment, holding that plaintiff was not entitled to uninsured motorist benefits because the plain, unambiguous terms of the policy excluded coverage under the facts of this case.

■ We first look to the policy of insurance to determine whether its language clearly excludes uninsured motorist coverage to an insured such as plaintiff, who was injured while a passenger on an uninsured motorcycle. The general rule in Illinois is that "[i]n the absence of ambiguity, words in an insurance policy are to be given their plain, ordinary and popular meaning." (*Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 170-71, 319 N.E.2d 491; *State Farm Mutual Automobile Insurance Co. v. Childers* (1977), 50 Ill. App. 3d 453, 456, 365 N.E.2d 290.) Ambiguous or equivocal provisions of an insurance policy, however, will be construed most strongly against the insurer and liberally in favor of the insured. *State Farm Mutual Automobile Insurance Co. v. Childers* (1977), 50 Ill. App. 3d 453, 456; *Lumbermen's Mutual Casualty Co. v. Norris* (1973), 15 Ill. App. 3d 95, 97, 303 N.E.2d 505.

The quoted portion of the uninsured motorist provision of the policy consists of two sentences. The first is a promise to pay damages that the insured is legally entitled to receive from the owner or operator of an uninsured motor vehicle. The second, according to defendant, limits this promise to pay to bodily injury suffered either (1) in a car accident while occupying a car, or (2) as a pedestrian, as a result of having been struck by an uninsured motor vehicle. Although some doubt was raised at the oral argument in this case as to the ability of the second sentence to limit the scope of the first, assuming that it does, we think that the language of the provision clearly would not provide coverage for this occurrence. Plaintiff was injured while a passenger on a motorcycle, and thus her injuries fell into neither category of the second sentence. This conclusion is consistent with Illinois case law, which recognizes that "the word 'automobile' means one

thing, and the word 'motorcycle' means something essentially different." *Home Indemnity Co. v. Hunter* (1972), 7 Ill. App. 3d 786, 790, 288 N.E.2d 879; see also *State Farm Mutual Automobile Insurance Co. v. Childers* (1977), 50 Ill. App. 3d 453, 457.

▉ Even assuming the language of the uninsured motorist provision excludes coverage for the occurrence, we must determine whether the exclusionary language violates section 143a of the Illinois Insurance Code and therefore was rendered unenforceable by section 442 of that Code (Ill. Rev. Stat. 1979, ch. 73, par. 1054).

Section 143a(1) of the Illinois Insurance Code provides:

> "On or after July 1, 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of The Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom ***." (Ill. Rev. Stat. 1979, ch. 73, par. 755a.)

The legislative purpose behind this section is " 'to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had had the minimum liability insurance required by the [Illinois Vehicle Code].' " *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 176, 370 N.E.2d 1044; *Barnes v. Powell* (1971), 49 Ill. 2d 449, 452-53, 275 N.E.2d 377; *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 4, 269 N.E.2d 295.

Section 442 of the Illinois Insurance Code addresses the situation in which section 143a requires uninsured motorist coverage, but the policy of insurance furnishes more limited coverage. It provides:

> "Any contract or policy of insurance or any application, endorsement or rider form used in connection therewith issued in violation of any section of this Code requiring certain provisions to be inserted therein or the inclusion of provisions prohibited, or issued without submitting same for approval by the Director in accordance with section 143, shall nevertheless be held valid but shall be construed in accordance with the re-

quirements of the section that the said policy, application, endorsement or rider violates, and when any provision in such contract, application, endorsement or rider is in conflict with any provision of this Code, the rights, and obligations of the company thereunder shall not be less favorable to the holder of the contract and the beneficiary or annuitant thereunder than is required by the provisions of this Code applicable thereto." (Ill. Rev. Stat. 1979, ch. 73, par. 1054.)

Thus, the uninsured motorist coverage required by statute is mandatory, and may not be whittled away by an unduly restrictive definition. See *Barnes v. Powell* (1971), 49 Ill. 2d 449, 453.

■ Since section 143a requires a policy of insurance to afford protection against uninsured motorists, the dispositive issue is whether that section requires coverage under the facts of the instant case. Section 143a refers to uninsured "motor vehicles," not to "automobiles" or "cars," and we think that it is beyond argument that a motorcycle is a motor vehicle (*Hartford Accident & Indemnity Co. v. Holada* (1970), 127 Ill. App. 2d 472, 478, 262 N.E.2d 359). Accordingly, the uninsured motorist provision of the policy of insurance issued by defendant to plaintiff furnishes less coverage than section 143a requires, if it limits coverage to bodily injury suffered "in a car accident while occupying a car" or "as a pedestrian, as a result of having been struck by an uninsured motor vehicle." In our opinion, sections 143a and 442 require a policy of insurance to provide coverage against damages caused by owners or operators of uninsured motor vehicles, including motorcycles. Consequently, a motorcycle must be considered as included in the policy protection against uninsured motorists. See *Hartford Accident & Indemnity Co. v. Holada* (1970), 127 Ill. App. 2d 472, 479.

In *Holada,* the appellate court was confronted with a similar issue and reached the same conclusion we reach here. In that case, the wife of the named insured, while crossing a street, was struck and injured by a motor scooter operated by a person uninsured as to liability. The language of the uninsured motorists provision of the insurance policy issued by Hartford provided protection against the owner or operator of an "uninsured automobile," and Hartford contended that a proper interpretation of the term "uninsured automobile" would exclude a motor scooter. The appellate court stated: "It can be assumed that the term 'automobile' does not include a motor scooter. However, the real issue in this case does not turn on construction of that word as used in the policy, but, rather, upon the statute which requires a policy to afford protection against uninsured motorists." (127 Ill. App.

2d 472, 477.) The court further stated:

"[W]e consider it beyond argument that a motor scooter is a motor vehicle ***. Consequently, we are presented with a situation in which the statute [section 143a of the Illinois Insurance Code] requires coverage in relation to uninsured motor vehicles, but the policy in question (according to plaintiff's argument) furnishes coverage in relation to a more limited category of uninsured automobiles." (127 Ill. App. 2d 472, 478.)

Relying on section 442 of the Illinois Insurance Code, the appellate court concluded that a motor scooter must be considered as included in the policy protection against uninsured motorists.

Defendant contends that *Holada* has, in effect, been overruled by the subsequent appellate court opinions in *State Farm Mutual Automobile Insurance Co. v. Childers* (1977), 50 Ill. App. 3d 453, 365 N.E.2d 290, and *State Security Insurance Co. v. Goodman* (1972), 6 Ill. App. 3d 1008, 286 N.E.2d 374. We find each case to be clearly distinguishable. In *Childers*, the appellate court addressed the issue of whether the term "non-owned automobile" as defined in a liability insurance policy should be construed to include a motorcycle. In holding that it should not, the court stated that section 7—202(2) of the Illinois Safety Responsibility Law (Ill. Rev. Stat. 1971, ch. 95½, par. 7—202(2)), did not require the court to make a construction of the term "non-owned automobiles" which would include a motorcycle. (*State Farm Mutual Automobile Insurance Co. v. Childers* (1977), 50 Ill. App. 3d 453, 458.) Unlike *Childers*, in *Holada* the appellate court held that section 143a of the Illinois Insurance Code, the uninsured motorist statute, mandated protection from owners or operators of uninsured motor scooters. In *Goodman*, the appellate court addressed the issue of whether the word "automobile" contained in an exclusion to the family protection coverage of a policy of insurance included the word "motorcycle." In refusing to expand the word "automobile" to include all forms of motor vehicles, and consequently, a motorcycle, the court expressly distinguished *Holada*, stating:

"The rationale applicable to the *Hartord* case does not apply here because it is not necessary to expand the word "automobile" to include all forms of motor vehicles in order to comply with the requirements of the statute [section 143a of the Illinois Insurance Code]. This is an exclusion and the statute does not require that certain parties or vehicles be excluded." *State Security Insurance Co. v. Goodman* (1972), 6 Ill. App. 3d 1008, 1014.

In summation, we hold that if the language of the uninsured-

1074

motorist provision of the policy of insurance issued by defendant to plaintiff excludes coverage under these facts, then the exclusionary language violates section 143a of the Illinois Insurance Code and is rendered unenforceable by section 442 of that Code. For the aforementioned reasons we reverse the order of the circuit court granting summary judgment in favor of defendant, and we remand the cause to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

RIZZI, P.J., and McGILLICUDDY, J., concur.