Kathryn F. Morelock, Formerly Kathryn L. Finke, Plaintiff-Appellant, v. Millers' Mutual Insurance Association of Illinois, Defendant-Appellee.

Gen. No. 69–51.

Fifth District.

July 7, 1970.

Dick H. Mudge, Jr., of Edwardsville, for appellant.

Ray H. Freeark, Jr. and Robert D. Francis, of Belleville, for appellee.

MORAN, P. J.

Plaintiff, Kathryn F. Morelock, appeals from a judgment of the Circuit Court of Madison County, denying her prayer for relief in an action for declaratory judgment to declare the uninsured motorist provision of an automobile liability policy issued to her by defendant, Millers' Mutual Insurance Association, upon an automobile not involved in the accident, applicable to an accident caused by an uninsured motorist.

The case was presented to the trial court on a stipulation of facts. On August 14, 1965, the plaintiff, Kathryn F. Morelock, formerly Kathryn L. Finke, was driving an automobile owned by her father, Claude Wedel, in an easterly direction on Interstate Highway No. 70, South of Madison, Illinois. The other occupants of the Wedel automobile were plaintiff's sister, Phyllis Wedel, her parents, Claude and Ruth Wedel, and a married couple. A head-on collision occurred between the Wedel automobile and an uninsured automobile driven by Alfred M. Holley in a western direction in a lane for eastbound traffic. All of the occupants of the Wedel automobile sustained some injury. Phyllis Wedel and the plaintiff were severely and permanently injured, and each of these girls suffered damages in excess of $20,000. Each girl

is legally entitled to recover such damages from Alfred M. Holley, the operator of the uninsured automobile. Plaintiff is the named insured in Millers' Mutual Insurance Association of Illinois, Policy No. 1203–5206, Plaintiff's Exhibit No. 1. Claude Wedel is the named insured in Millers' Mutual Insurance Association of Illinois, Policy No. 1203–5317, Defendant's Exhibit No. 1. The policies are identical except for the declarations on the first page. Each policy limits the liability under the uninsured motorist coverage to $20,000 for each occurrence. Defendant has informed the Court that it has paid $5,525.83 and the remaining $14,474.17 of the $20,-000 limit is now available to be divided between Phyllis Wedel and the plaintiff, Kathryn F. Morelock.

Both Phyllis Wedel and plaintiff have filed demands for arbitration but these proceedings have been continued pending the decision in this case. It has been stipulated, however, that for purposes of this suit the plaintiff's damages are in excess of the $14,474.17 available for distribution out of Claude Wedel's policy.

Plaintiff claims that under the factual situation here presented she is afforded protection against uninsured motorists under the provisions of her own policy. Defendant agrees that plaintiff would be covered under the provisions of her policy because she was occupying "an insured automobile" which includes "a non-owned automobile while being operated by the named insured with the permission of the owner" but for the "other insurance" provision of her policy which relieves the company from liability. The provision relied upon by the defendant is as follows:

"Other insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under the Uninsured Motorists Coverage shall apply only as excess insurance over any other similar insurance

available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

Under the clear meaning of the "Other Insurance" clause, defendant is relieved of all liability since other insurance is available to the plaintiff and the limit of liability in her policy does not exceed the applicable limit of liability in her father's policy.

Plaintiff argues that this "Other Insurance" clause is an escape clause which violates Ill Rev Stats, c 73, § 755a(1) which provides:

"Uninsured or hit-and-run motor vehicle coverage) 143a. (1) On or after the effective date of of this amendatory Act of 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7–203 of the 'Illinois Motor Vehicle Law,' approved July 11, 1957, as heretofore and hereafter amended for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured shall have the right to reject such coverage only on policies delivered, renewed or issued for delivery prior to July 1, 1967."

The minimum limits set forth in section 7–203 of the Illinois Motor Vehicle Law are $10,000 per person or $20,000 per accident.

A recent and thorough survey of the law on this issue can be found in 28 ALR3d 551, wherein it is summarized at page 554 that:

> "A number of courts have held that 'other insurance' provisions, whether in the form of a 'pro rate,' 'excess insurance,' 'excess-escape,' or other similar clause, are invalid as a part of uninsured motorist protection, on the ground that the statute requiring every liability policy to provide this type of protection will not permit the insurer to provide in any way that the coverage will not apply where other insurance is also 'available,' despite the fact that the insured may thus be put in a better position than he would be in if the other motorist were properly insured. Other courts have stated, however, that the design and purpose of uninsured motorist statutes are to provide protection only up to the minimum statutory limits for bodily injuries, and not to provide the insured with greater insurance protection than would have been available had he been injured by an insured motorist, and have held that such 'other insurance' provisions are valid where they do not reduce coverage below the minimum statutory limits."

 We subscribe to the first view. Section 755 (a) commands that no policy shall be issued unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages for personal injury or death from an uninsured motorist. This is plain language without limitation or qualification. Nevertheless, the policy issued by defendant undertakes not to provide

effective coverage therein for the protection of the named insured entitled to recover damages from an uninsured motorist but only such coverage in an amount by which the limit of its liability for this coverage exceeds the applicable limit of liability of another policy under which plaintiff is a "paper beneficiary." Clearly, this places a limitation upon the plain meaning of the statute and is, therefore, void and of no effect, because a policy provision which attempts to dilute or diminish a statutory requirement is contrary to public policy and is superseded by the statute. Prosk v. The Allstate Ins. Co., 82 Ill App2d 457, 226 NE2d 498; American Alliance Ins. Co. v. Brady Transfer & Storage Co., 101 F2d 144. As stated in Bryant v. State Farm Mut. Automobile Ins. Co., 205 Va 897, 140 SE2d 817, "to say (she) is not entitled to recover anything under this policy because (her) father had a policy under which (she) has received part of the sum (she) is entitled to recover from the uninsured motorist is to amend the statute, not construe it."

We are very much impressed with the opinion of the Supreme Court of Florida in the case of Sellers v. United States Fidelity & Guaranty Co. (Fla), 185 So2d 689 (1966), which held that section 627.0851 of the Florida Uninsured Motorist Statute which is similar in language to that of the Illinois Statute invalidated language in an insurance policy attempting to limit its liability by "other insurance" clauses, saying at page 690:

> "It appears to us that the statute expresses the statutory requirements both as to coverage to be provided by the insurer, and as to its sources of recovery of insurance protection it paid from other persons including other insurers legally responsible for the bodily injury to insureds, to the exclusion of inconsistent language inserted in an automobile liability policy. There appears no latitude in the

288

statute for an insurer limiting its liability through 'other insurance'; 'excess-escape' or 'pro rate' clauses, as attempted in Condition 5. If the statute is to be meaningful and controlling in respect to the nature and extent of the coverage and to the sources of recovery and subrogation of the insurer, all inconsistent clauses in the policy to the controlling statutory language such as are contained in Condition 5 must be judicially rejected."

and at 592:

"Our views herein are predicated upon our construction of Sec 627.0851. We consider that it provides for a limited type of compulsory automobile liability coverage. It appears to require coverage for bodily injury caused by the negligence of an uninsured motorist to the extent of specific limited amounts. It does not permit 'other insurance' clauses in the policy which are contrary to the statutorily limited amounts of coverage. It is clear that the statute does not limit an insured only to one $10,000 recovery under said coverage where his loss for bodily injury is greater than $10,000 and he is the beneficiary of more than one policy issued under Sec 627.0851."

The Florida Supreme Court quoted with approval Bryant v. State Farm Mut. Automobile Ins. Co., 205 Va 897, 140 SE2d 817, which reached the same result as the Florida Supreme Court and declined to follow the holding of the U. S. Court of Appeals for the Fourth Circuit in Travelers Indemnity Co. v. Wells, 315 F2d 770. The Courts of Arizona, Oregon, Nebraska and Pennsylvania have also held that their uninsured motorist statutes invalidated "other insurance" clauses in insurance policies.

Accordingly, we hold that the portion of the "other insurance" provision reading "and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of the liability of such other insurance" is void and ineffective, and that the defendant is liable for the portion of plaintiff's damages unpaid by the primary uninsured motorist coverage up to the limit of its liability. We are aware of contrary holdings by other Illinois Appellate Courts but decline to follow them.

The judgment of the Circuit Court of Madison County is reversed and remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDENHERSH and EBERSPACHER, JJ., concur.