JOSEPH BURGO *et al.,* Plaintiffs-Appellants, *v.* ILLINOIS FARMERS INSURANCE COMPANY, Defendant-Appellee.

(No. 56250;

First District—October 11, 1972.

*Rehearing denied November 22, 1972.*

260

BURMAN, J., dissenting.

Joseph L. Dombrowski, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (D. Kendall Griffith and Thomas M. Crisham, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Cook County, wherein the court denied arbitration on an uninsured motorist clause in an insurance policy. The action was brought by the plaintiffs-insureds, Joseph and Louis Burgo, against the defendant insurance company, Illinois Farmers Insurance Company, to compel the defendant to submit to arbitration pursuant to the Uniform Arbitration Act. Ill. Rev. Stat. 1969, Ch. 10.

The issues on appeal are: (1) whether a provision in the insurance policy shortens the applicable statute of limitations, which allows the insured two years to file a cause of action against another motorist for injury to one year, is void as against public policy; and (2) whether the provision is void as against public policy because it places a limitation upon the plain meaning of the uninsured motorist statute, which provides for protection against uninsured motorists.

The plaintiffs were insured by the defendant insurance company under an automobile policy. In its answer to the complaint the defendant says its correct legal title is Farmers Insurance Exchange, but no further point is made of the name, and the proceedings went to judgment under the title of Illinois Farmers Insurance Company.

The accident which precipitated this litigation occurred on February 1, 1969. The plaintiffs and the defendant could not agree as to the amount due as compensation for injuries, and a demand for arbitration was made upon the defendant by letter on July 10, 1970. A complaint was filed against the defendant on July 29, 1970, when the defendant refused to appoint an arbitrator. On December 7, 1970, plaintiffs filed suit against the uninsured motorist involved in the accident of February 1, 1969. The

uninsured motorist provision of the policy issued by the defendant provides:

"To pay all sums which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injury sustained by the insured, caused by accident, and arising out of the ownership, maintenance or use of such uninsured motor vehicle * * *."

The Illinois Farmers Insurance Company defends on the grounds of failure to comply with the condition precedent as set forth in the insurance agreement and for the failure of the plaintiffs to demand arbitration within one year of the accident as set forth in the insurance agreement. The relevant part of the policy provides:

"(3) no cause of action shall accrue to the insured unless within one year from the date of accident (a) suit for bodily injury has been filed against the uninsured motorist in a court of competent jurisdiction, or (b) agreement as to the amount due under this Part II has been concluded, or (c) the insured has formally instituted arbitration proceedings."

The record shows none of these conditions was met. Each party filed a motion for summary judgment, and after a hearing the court entered judgment in favor of defendant insurance company and dismissed plaintiff's complaint.

The plaintiffs allege the one-year limitation provision of the insurance agreement is invalid and unenforceable and contrary to Section 755a of Chapter 73, Illinois Revised Statutes, 1969, which provides for mandatory uninsured motorist coverage. Plaintiffs contend the uninsured motorist provision places the insured in the same position as though the offending party had complied with the Financial Responsibility Act of Illinois. Under the statute of limitation for personal injury in Illinois, the plaintiffs would have two years in which to file suit and seek a determination of the amount they are entitled to recover. Section 755a of Chapter 73, relating to uninsured motorist coverage, provides:

"(1) On or after an effective date of this amendatory Act of 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7—203 of the 'Illinois Motor Vehicle Law,' approved July 11, 1957, as

heretofore and hereafter amended, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured shall have the right to reject such coverage only on policies delivered, renewed or issued for delivery prior to July 1, 1967."

The purposes of Section 755a have been set forth in several previous cases. In *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill.2d 71, the Supreme Court of Illinois said:

"[W]e believe the reasonable purpose of the statutory uninsured motorist provisions is to assure that compensation will be available to policy holders, in the event of injury by an uninsured motorist, to at least the same extent compensation is available for injury by a motorist who is insured in compliance with the Financial Responsibility Law."

Also, see *Tindall v. Farmers Auto. Management Corp.* (1967), 83 Ill.App. 2d 165, and *Ullman v. Wolverine Insurance Co.* (1969), 105 Ill.App.2d 408.

Defendant contends this is a contract, but such contractual restrictions are of no effect where such restriction places a limitation upon the plain meaning of the statute providing for uninsured motorist coverage. In the case of *Morelock v. Millers' Mutual Insurance Assn.* (1970), 125 Ill.App.2d 283, the court considered the question of the validity of the "other insurance" provision of the policy which the insurance company alleged relieved them from liability. The plaintiff argued that the clause was violative of Section 755a (1), and the court stated:

"Section 755a commands that no policy shall be issued unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages for personal injury or death from an uninsured motorist. This is plain language without limitation or qualification. Nevertheless, the policy issued by defendant undertakes not to provide effective coverage therein for the protection of the named insured entitled to recover damages from an uninsured motorist but only such coverage in an amount by which the limit of its liability for this coverage exceeds the applicable limit of liability of another policy under which plaintiff is a 'paper beneficiary.' Clearly, this places a limitation upon the plain meaning of the statute and is, therefore, void and of no effect, because a policy provision which attempts to dilute or diminish a statutory requirement is contrary to public policy and is superseded by statute."

██ If the practical effect of the contract provision is to deprive the insured of uninsured motorist coverage required by the statute, then the provision is void and of no effect. The contractual limitation may not place an insured in a substantially different position than he would have been had the tort-feasor carried the required insurance coverage. In *Prosk v. Allstate Insurance Co.* (1967), 82 Ill.App.2d 457, the court stated:

> "We further agree that in the construction of a statute, it is proper for the court to look at the evils to be remedied and the objects and purposes to be obtained, and a statute enacted to meet a need of the people shall be liberally construed in order that the true intent and meaning of the General Assembly may be carried out."

An insured is paying a premium, a portion of which buys the uninsured motorist coverage. It is not fair that the insurance company accept this money and then attempt to limit its liability by the use of such devices as the one-year limitation provision. The parties admittedly negotiated as to compensation for injuries within the one-year period, but could not agree. The defendant Insurance Company therefore had full and complete notice and knowledge of the accident. Courts have held that settlement negotiations toll the running of time limitations, even statutes of limitation, because the plaintiff cannot be lulled into a sense of security and then be barred from proceeding with a lawsuit when the negotiations fail. *Dickirson v. Pacific Mutual Life Insurance Co.* (1925), 319 Ill. 311; *Suing v. Catton* (1970), 118 Ill.App.2d 468; *Devlin v. Wantroba* (1966), 72 Ill.App.2d 383; *Kinsey v. Thompson* (1963), 44 Ill.App.2d 304.

The insurance company wrote the policy with full knowledge of its intent to shorten the period to less than the time the statute gives the insured to file a lawsuit. The insurance company is well versed and has much experience in the field of uninsured motorists, whereas the policyholder has little or no experience and cannot be expected to understand the impact of such a provision. Furthermore, there is a possibility that the uninsured status of a tort-feasor may not be determined until several years after the accident. In this situation the insured would be defeated by the one-year provision without having the opportunity to invoke the coverage he had been paying for, because the insured plaintiff had no way of knowing the tort-feasor defendant would become an uninsured motorist.

This problem is particularly acute in Cook County because of the thousands of cases pending against defendants whose insurance companies became insolvent years after the cases were filed in court. On oral argument the court inquired of the defendant insurance company's counsel how this problem would be met, and he frankly admitted he had no answer. Obviously the plaintiff insured would be barred from as-

serting his uninsured motorist claim by the one-year provision, if the provision was valid.

The one-year limitation in the policy is a dilution or diminution of the uninsured motorist statute and is an attempt to defeat the intent and the purpose of the statute; therefore it is against public policy and the statute must prevail. The statute requiring the policy to have an uninsured motorist clause does not mention a time limit in which the insured may exercise his rights; therefore the statute of limitations to file suits on contracts must govern. *Hartford Accident & Indemnity Co. v. Holada* (1970), 127 Ill.App.2d 472.

■■ We hold that the contact provision limiting the arbitration demand to one year after the accident violates the statute of limitations to bring the injury suit and violates the statute on uninsured motorists and is arbitrary, unreasonable and capricious and against the public policy of this state, and is therefore void.

For the above reasons, the judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

ADESKO, J., concurs.

Mr. JUSTICE BURMAN dissenting:

I would affirm. The sole issue is whether the condition precedent contained in the policy is to be enforced. As set forth in the majority opinion, liability of the insurer under the uninsured motorist provisions of the policy is dependent upon the insured (a) filing suit against the uninsured motorist, (b) reaching agreement with the insurer as to the amount due under Part II (the uninsured motorist coverage) of the policy, or (c) formally instituting arbitration within one year from the date of the accident. The parties agree that none of these three steps was taken within the one year period.

It is a well established rule that a court has the duty to enforce contracts as made by the parties thereto and not to rewrite the unambiguous terms agreed upon. The court cannot make for the parties better agreements than they themselves have been satisfied to conclude. (*Green County v. Quinlan,* 211 U.S. 582, 596.) In the present case there is no claim that the language of the condition precedent is ambiguous, doubtful or unclear. There is also no contention that the insurer waived the time limitation or that the insured misapprehended the terms of the agreement.

Illinois courts have long held that conditions in an insurance policy

which require that suits be filed within a shorter period of time than that provided by the appropriate statute of limitations are valid and binding on the parties. In *Peoria Marine & Fire Insurance Co. v. Whitehall*, 25 Ill. 382, 392, the Supreme Court held that such limitations do not violate public policy and that speedy resort to the courts while facts are fresh in the minds of the parties and witnesses is a strong reason for including such a condition in an insurance contract. This holding is still followed. *McMahon v. Millers National Insurance Co.*, 131 Ill.App.2d 339, 341; *Rethy v. Country Mutual Insurance Co.*, 271 N.E.2d 385.

Uninsured motorist coverage is no exception to this rule. In *Hartford Accident & Indemnity Co. v. Holada*, 127 Ill.App.2d 472, cited by the majority as holding that, as the statute requiring uninsured motorist coverage is silent as to the time in which the insured may exercise his rights, the statute of limitations for filing suits on *contracts* must govern. There the insurer argued that the insured's demand for arbitration was not timely because it was filed after the statutory period of limitation for filing personal injury actions had run. In rejecting this contention, the court said:

> "Despite numerous time limits set forth in various parts of the policy, there is no time limit stated for the filing of a demand for arbitration by either party. It is only if the claimant and the company do not agree, that resort will be had to arbitration, and we conclude from this policy language that the company itself *did not wish to be bound* by any statute of limitation (other than the ten year limitation for contract actions) in working out a settlement before proceeding with arbitration."

127 Ill.App.2d at 480 (Emphasis added.) Thus the parties to an insurance contract are free to impose such conditions as they see fit regarding the time within which claims must be submitted to litigation or arbitration. In the present case, the parties chose to impose the condition that claims under the uninsured motorist coverage should be submitted to litigation or arbitration within one year. The terms of the condition are clear, and I fail to see how the majority can decline to give them effect.

The majority concludes that to enforce the condition would result in a dilution or diminution of the protection afforded by the Uninsured Motorist Act. This conclusion rests on the belief that the effect of the condition precedent is to impose a one year statute of limitations of an action against an uninsured tortfeasor, while the normal period of limitations for such an action is two years. However, the present case is not an action against the tortfeasor. It is an action on the insurance contract against the insurer. Even if such a suit is brought within the period of

limitation, it cannot be maintained if all of the conditions precedent have not been performed. In the present case it is undisputed that the plaintiffs failed to perform the conditions precedent imposed by the policy.

In *Dreher v. Aetna Casualty & Surety Co.*, 83 Ill.App.2d 141, the Appellate Court considered whether the public policy embodied in the Uninsured Motorist Act required that coverage be extended to injuries caused by a motorist who was insured at the time of the accident, but whose insurance carrier subsequently became insolvent. The policy defined an uninsured automobile as one with respect to which no policy of insurance was in effect at the time of the accident. The court concluded: "[W]e find nothing either in the statute or the case law to sustain the contention that the public policy of this state \* \* \* [requires] that an insurance company extend coverage beyond the terms of the contract \* \* \*." (83 Ill.App.2d at 143.) In the present case, the policy specified in unambiguous terms that the insured should comply with certain conditions precedent before the insurer would be liable on the uninsured motorist coverage. The insured did not comply with these conditions and to allow it recovery in spite of this could be to extend the uninsured motorist coverage beyond the terms of the policy.

The Uninsured Motorist Act is silent with respect to conditions which may be imposed upon uninsured motorist coverage. (Ill. Rev. Stat. 1969, ch. 73, sec. 755a.) If conditions such as the ones in the present case are thought to be against the public policy of this State, such a determination should be made by the legislature and not this court. The terms of the contract are clear, and they should be enforced as written. The judgment of the trial court should be affirmed.