REBECCA HETTENHAUSEN, Ex'r of the Estate of Ronald Hettenhausen, Deceased, Plaintiff-Appellee, v. ECONOMY FIRE & CASUALTY COMPANY, Defendant-Appellant.

First District (1st Division)   No. 85—1873

Opinion filed March 30, 1987.

Orner & Wasserman, Ltd., of Chicago (Norton Wasserman and Thomas J. Branit, of counsel), for appellant.

Chuhak, Kienlen & Feinberg, of Chicago (John L. Kienlen, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises out of a declaratory judgment action instituted by plaintiff, Rebecca Hettenhausen, executor of the decedent's estate, to determine whether the decedent is entitled to underinsured-motorist benefits under an insurance policy issued by defendant, Economy

Fire & Casualty Company. The circuit court granted summary judgment in favor of plaintiff with respect to count I of her complaint and declared, at plaintiff's request, that she had a right to settle with the underinsured motorist while defendant waived its subrogation rights. For the following reasons, we affirm the summary judgment order, but reverse the court's declaratory ruling.

The facts of this case are undisputed. On October 6, 1983, the decedent, Ronald Hettenhausen, was driving his motorcycle south on Old Route 158 in St. Clair County, Illinois, when, at the intersection of routes 158 and 161, he collided with a vehicle operated by Julie Keenan. As a result, the decedent was fatally injured. At the time of the collision, Julie Keenan was carrying automobile bodily injury liability coverage with Aetna Life & Casualty containing limits of $25,000 per person and $50,000 per accident.

The decedent had an automobile liability insurance policy issued by defendant which was effective July 18, 1983, through October 18, 1983, and provided uninsured- and underinsured-motorist coverage, each in limits of $100,000 per person and $300,000 per occurrence. This policy included an endorsement entitled "Extended Family Protection Coverage/Underinsured Motorists" under which section III - conditions, subsection A - policy provisions provided:

"The Conditions, Exclusions, and General Provisions of the policy applicable to Family Protection Coverage/Uninsured Motorists Coverage shall apply to this endorsement except the 'Limits of Liability' provision."

The "Family Protection Coverage/Uninsured Motorists Coverage" referred to in section III contained exclusion A-1, which stated:

"A. We do not provide Uninsured Motorists Coverage for bodily injury sustained by a person:

(1) While occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy."

The decedent's policy insured a 1964 Ford Falcon two-door convertible.

Based on exclusion A-1 cited above, defendant denied the decedent's estate underinsured-motorist coverage because at the time of the accident, the decedent was operating an owned vehicle not insured under the policy. Subsequently, plaintiff filed a two-count complaint against defendant seeking a declaration in count I that the decedent's estate was entitled to underinsured-motorist benefits. Count II of the complaint alleged that the decedent sustained damages in excess of $100,000.

On April 4, 1985, plaintiff moved for summary judgment on count I of her complaint. She also moved for a declaration that she had a right to settle with Julie Keenan and that defendant waived its subrogation rights by failing to tender plaintiff the amount of the tentative settlement pursuant to section 143a—2(7) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 78, par. 755a—2(7)) which became effective January 1, 1985. The trial court granted plaintiff's motion for summary judgment and made the requested declaration: It is from these rulings that defendant appeals.

We initially address the propriety of the trial court's ruling on count I of plaintiff's complaint. Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) Since construction of an insurance policy presents only a question of law, it is an appropriate issue for determination by means of summary judgment. *Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, 492 N.E.2d 504.

The thrust of defendant's argument on appeal is that plaintiff was improperly granted summary judgment because the public policy considerations underlying the unenforceability of the "owned vehicle" exclusion with respect to uninsurance are inapplicable in the context of underinsurance. In analyzing this contention, it is necessary to examine the exclusion as it relates to uninsured-motorist coverage.

The "owned vehicle" exclusion was first held unenforceable as to uninsured-motorist coverage by the appellate court in *Doxtater v. State Farm Mutual Automobile Insurance Co.* (1972), 8 Ill. App. 3d 547, 290 N.E.2d 284, and later by our supreme court in *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044. Referring to its earlier decision in *Heritage Insurance Co. v. Phelan* (1974), 59 Ill. 2d 389, 321 N.E.2d 257, the *Squire* court asserted:

"Thus, having previously adopted the appellate court's reasoning in *Doxtater*, it is well settled that section 143a [of the Illinois Insurance Code] requires coverage of insured persons *** regardless of the vehicle in which the insured person is located when injured. Insofar as the exclusion contained in the policy at bar would make coverage dependent upon the insured not being in a vehicle unlisted in the policy, that exclusion violates section 143a and is rendered unenforceable by section

442." 69 Ill. 2d 167, 179, 370 N.E.2d 1044, 1049.

Section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 755a) states that no automobile liability insurance policy shall be renewed, issued, or delivered in this State unless coverage is provided therein in limits set forth in section 7—203 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 7—203). The purpose of this section is " 'to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had had the minimum liability insurance required by the [Illinois Vehicle Code].' " *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 176, 370 N.E.2d 1044, 1048; *Barnes v. Powell* (1971), 49 Ill. 2d 449, 453, 275 N.E.2d 377, 379; *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 4, 269 N.E.2d 295, 297.

In view of such legislative intent behind section 143a and case precedent in the area of uninsured-motorist coverage, we now address the relevant statutory provision of underinsured-motorist coverage. Section 143a—2(5) of the Illinois Insurance Code, which became effective July 1, 1983, just prior to the initiation of the decedent's policy, provides:

"[N]o policy insuring against loss resulting from liability *** shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle *** in this State unless underinsured motorist coverage is included in such policy in an amount at least equal to the total amount of uninsured motorist coverage provided in that policy where such uninsured motorist coverage exceeds the limits set forth in Section 7—203 of the Illinois Vehicle Code." (Ill. Rev. Stat. 1983, ch. 73, par. 755a—2(5).)

In construing a statutory provision not yet judicially interpreted, a court is guided by both plain meaning of language in the statute as well as legislative intent. *Allstate Insurance Co. v. Winnebago County Fair Association, Inc.* (1985), 131 Ill. App. 3d 225, 475 N.E.2d 230.

In the present case, pursuant to sections 143a—2(1) and 143a—2(2) of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 755a—2), the decedent exercised his option to purchase uninsured coverage in excess of the mandatory minimum limits, and in so doing, was required to purchase underinsured coverage in at least the same amount. According to the language of section 143a—2(5), there is no doubt that it was mandatory for the decedent, under the facts of this case, to purchase underinsurance, just as he was required to purchase uninsurance in compliance with section 143a. Through such insurance,

the decedent was assured that compensation would be available to him in the event of injury caused by an uninsured or underinsured motorist, to at least the extent of $100,000 per person and $300,000 per occurrence.

We note that prior to July 1, 1983, the insurer was only required to "offer" underinsured-motorist coverage, which the insured could either elect or reject. (See Ill. Rev. Stat. 1983, ch. 73, pars. 755a—2(3), (4).) Under the amended provision which is applicable to the present case, however, the insured is now required to purchase underinsurance where he has obtained uninsured coverage in excess of the mandatory minimum. This fundamental change in section 143a—2 reflects "the legislature's perception that this [underinsurance] is an important coverage." (*Tucker v. Country Mutual Insurance Co.* (1984), 125 Ill. App. 3d 329, 334-35, 465 N.E.2d 956, 960.) As Senator D'Arco commented, in referring to section 143a—2(5), "We think it's a good amendment because we don't have mandatory insurance in Illinois ***." (82nd Ill. Gen. Assem., Senate Proceedings, June 22, 1982, at 100.) He also stated that "the public *** [would] be better served and protected" by the bill. (82nd Ill. Gen. Assem., Senate Proceedings, June 22, 1982, at 102.)

Furthermore, for the purpose of the Illinois Insurance Code, the term "underinsured motor vehicle" is defined as:

"a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death of the insured, *** and for which the sum of the limits of liability under all bodily injury liability insurance policies or under bonds or other security required *** is less than the limits for underinsured coverage provided the insured as defined in the policy at the time of the accident." (Ill. Rev. Stat. 1983, ch. 73, par. 755a—2(3).)

Under this definition, underinsured-motorist coverage protects the insured against the risk of a lesser recovery if injured by an insured driver rather than by an uninsured driver. (*Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 452 N.E.2d 49.) In the case at bar, if defendant's view was adopted, plaintiff could only recover $25,000 from the underinsured motorist, yet if the motorist were uninsured, plaintiff could obtain $100,000 from defendant. This result thwarts the aforementioned purpose of underinsured-motorist coverage. We therefore find no support in either the language of or the legislative intent behind the statute to preclude plaintiff's recovery in this case.

■ Given our finding above that the "owned vehicle" exclusion is unenforceable under the facts before us, we now address whether the

trial court properly declared that plaintiff had a right to settle with the underinsured motorist while defendant waived its subrogation rights by failing to tender plaintiff the amount of the tentative settlement pursuant to section 143a—2(7) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(7)). Since section 143a—2(7) became effective January 1, 1985, the trial court applied the statute retroactively in making its determination. Such action, however, is improper in light of the recent decision in *Boyd v. Madison Mutual Insurance Co.* (1986), 146 Ill. App. 3d 420, 496 N.E.2d 555, where this court held that section 143a—2(7) may only be enforced prospectively.

For the foregoing reasons, the judgment of the circuit court of Cook County granting plaintiff summary judgment is affirmed, but its ruling applying section 143a—2(7) of the Illinois Insurance Code retroactively is reversed.

Affirmed in part and reversed in part.

CAMPBELL and O'CONNOR, JJ., concur.