CARLENA MOSES *et al.*, Plaintiffs-Appellees, v. CORONET INSURANCE COMPANY, Defendant-Appellant.

First District (1st Division)   No. 1—87—2536

Opinion filed December 26, 1989.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellant.

Berman, Trachtman & Malek, P.C., of Chicago (Edward J. Malek, of counsel), for appellees.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This appeal arises out of the trial court's order denying the defendant Coronet Insurance Company's (Coronet's) motion for summary judgment, and the trial court's order granting plaintiffs Carlena Moses and Betty Lee Garrison's motion for summary judgment. Coronet is also appealing the trial court's order directing Coronet to proceed to arbitration on plaintiffs' claims, pursuant to the uninsured motorist provisions of the insurance policy issued by Coronet.

On February 4, 1978, Carlena Moses and Betty Lee Garrison were injured in an automobile accident by a car driven by Jeffery Franzen. Mr. Franzen was insured by Security Mutual Casualty Company (Security Mutual), and the plaintiffs were insured by Coronet. On December 4, 1981, Security Mutual initiated a liquidation action. The plaintiffs became aware of Security Mutual's insolvency in 1982 and filed a proof of claim on July 26, 1982, in accordance with liquidation requirements. On December 13, 1982, the plaintiffs were advised by representatives of Security Mutual that they must exhaust any uninsured motorist coverage with their own insurance company prior to pursuing their claims with the Security Mutual liquidator. The plaintiffs submitted an uninsured motorist claim to Coronet on December 9, 1983. Coronet denied plaintiffs' claims, and on September 9, 1986, plaintiffs filed a petition to compel Coronet to submit to arbitration. Coronet raised as an affirmative defense that plaintiffs violated a provision of the insurance policy issued by Coronet which requires that uninsured motorist claims involving an insolvent tortfeasor insurer must be submitted within one year of the time the company becomes insolvent. Plaintiffs' claims were not submitted until more than a year after they became knowledgeable of Security Mutual's insolvency and more than five years after the accident. Plaintiffs responded to that affirmative defense by assert-

ing that the one-year limitation provision included in the insurance policy is against public policy.

■ Coronet filed a motion for summary judgment, and the plaintiff's filed a cross-motion for summary judgment and requested the trial court to enter an order for Coronet to submit to arbitration and to pay reasonable attorney fees and costs. The trial court denied Coronet's motion for summary judgment and directed Coronet to proceed to arbitration of plaintiffs' uninsured motorist claims. Summary judgment is proper where the pleadings, depositions and admissions on file, along with any affidavits, demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Hettenhausen v. Economy Fire & Casualty Co.* (1987), 154 Ill. App. 3d 488, 491, 507 N.E.2d 121; *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.

At issue in the instant appeal is whether the one-year notice of intent provision to pursue an uninsured motorist claim contained in the insurance policy issued by Coronet is against public policy, and therefore, unenforceable. Coronet argues that the one-year limitation period to pursue an uninsured motorist claim, when the tortfeasor's insurance company has become insolvent, is not against public policy provided that the one-year limitation provision does not begin to run until the claimant knew or should have known of the insolvency.

Plaintiffs contend that the one-year notice of intent provision contained in the policy issued by Coronet is against public policy. Therefore, the provision is void and unenforceable, resulting in the application of the 10-year statute of limitations for written contracts. Plaintiffs further contend that Coronet should be required to submit plaintiffs' claims to arbitration.

■ ■ It is well established that a clause in an insurance policy may be applied as written as long as it is not in contravention of public policy. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423, 401 N.E.2d 539; *Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 521, 434 N.E.2d 290; *Strzelczyk v. State Farm Mutual Automobile Insurance Co.* (1985), 138 Ill. App. 3d 346, 349, 485 N.E.2d 1230, *aff'd* (1986), 113 Ill. 2d 327, 497 N.E.2d 1170.) Moreover, the general rule is that when an insurer attempts to place limits on the uninsured motorist provisions of its insurance policy, the limitations must be liberally construed in favor of the policyholder and strongly against the insurer. (*Hartford Acci-*

*dent & Indemnity Co. v. LeJeune* (1986), 114 Ill. 2d 54, 59, 499 N.E.2d 464; *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 179, 370 N.E.2d 1044; *Bachtell v. Illinois Farmers Insurance Group* (1988), 176 Ill. App. 3d 148, 151, 530 N.E.2d 1131.) The uninsured motorist provision of the Coronet policy which is the subject of this appeal defines an "uninsured automobile" as:

"(c) an auto with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident but the company writing same is or becomes insolvent subsequent to the date of an accident: providing the insured notifies the company that he intends to make a claim under this provision within one (1) year from the time any company becomes insolvent either by liquidation or rehabilitation."

██ Section 143a of the Illinois Insurance Code addresses uninsured or hit-and-run motor vehicle coverage. (Ill. Rev. Stat. 1985, ch. 73, par. 755a.) Section 143a specifically requires an insurer to provide uninsured motorist coverage which extends to individuals who may be entitled to recover damages for bodily injury or death from persons who own and operate uninsured motor vehicles. (*Severs,* 89 Ill. 2d at 518.) The purpose of this statute is to place the policyholder in substantially the same position he would have occupied, so far as his injury or death is concerned, if the wrongful driver did have the minimum liability insurance required by the Illinois Safety Responsibility Law, previously known as the "Financial Responsibility Act" (Ill. Rev. Stat. 1985, ch. 95½, par. 7—203; *Hettenhausen,* 154 Ill. App. 3d at 492; *Squire,* 69 Ill. 2d at 176). Although the one-year provision in Coronet's policy limits the time within which notification of a claim must be made, section 143a, the applicable statute which requires the policy to have an uninsured motorist provision, does not state a limit as to when an uninsured motorist claim may be brought. (*Severs,* 89 Ill. 2d at 518-19.) Moreover, our supreme court has held that the purpose underlying this statute "cannot be circumvented by the insertion of a contrary or restricting provision in an insurance policy." *Severs,* 89 Ill. 2d at 520.

██ It is well settled that in bringing an uninsured motorist claim, if the applicable statute fails to specify a period within which an uninsured motorist claim is required to be brought, then the action is governed by the statute of limitations for filing a contract action. (*Shelton v. Country Mutual Insurance Co.* (1987), 161 Ill. App. 3d 652, 656, 515 N.E.2d 235; *Murphy v. United States Fidelity & Guaranty Co.* (1983), 120 Ill. App. 3d 282, 285, 458 N.E.2d

54; *Burgo v. Illinois Farmers Insurance Co.* (1972), 8 Ill. App. 3d 259, 264, 290 N.E.2d 291; *Hartford Accident & Indemnity Co. v. Holada* (1970), 127 Ill. App. 2d 472, 480-81, 262 N.E.2d 359.) In the instant case, plaintiffs paid an additional premium to receive uninsured motorist coverage. Therefore, plaintiffs' actions which are based upon their contract with the insured for uninsured motorist coverage must be governed by the 10-year statute of limitations applicable to contract actions. Ill. Rev. Stat. 1985, ch. 110, par. 13—206.

The one-year limitation was directly addressed in *Coronet Insurance Co. v. Ferrill* (1985), 134 Ill. App. 3d 483, 481 N.E.2d 43. In *Coronet Insurance Co. v. Ferrill*, we concluded that "[t]he one-year limit serves no notice purposes other than to limit Coronet's liability." (*Ferrill*, 134 Ill. App. 3d at 486-87.) Specifically, the court found that the provision "impermissibly limits the time within which the policyholder may assert the insolvency of his opponent's insurer to one year, whether the policyholder knows of it or not." *Ferrill*, 134 Ill. App. 3d at 487.

The one-year limitation provision was also extensively addressed in *Burgo v. Illinois Farmers Insurance Co.*, where the court determined that if the practical effect of the one-year limitation provision is to deny the insured of the contracted uninsured motorist coverage, which the statute requires, then the provision is deemed to be void and without effect. (*Burgo*, 8 Ill. App. 3d at 263.) Moreover, the court concluded that a one-year limitation provision set forth in an insurance policy "is a dilution or diminution of the uninsured motorist statute and is an attempt to defeat the intent and the purpose of the statute; therefore, it is against public policy and the statute must prevail." (*Burgo*, 8 Ill. App. 3d at 264; see also *Hartford Accident & Indemnity Co. v. Holada* (1970), 127 Ill. App. 2d 472.) The court in *Burgo v. Illinois Farmers Insurance Co.* further held that the policy provision which limits an arbitration demand to one year after the accident is arbitrary, unreasonable, capricious and void as against the public policy of the State of Illinois. *Burgo*, 8 Ill. App. 3d at 264.

■ While the court in *Coronet Insurance Co. v. Ferrill* examined in *dicta* an analogy of the discovery rule as it pertains to the one-year notice period requirement, we believe that the one-year limitation provision is overly restrictive and violates the public policy set forth in the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 755a). Therefore, based upon the circumstances involved in the present case, we conclude that the trial court correctly denied

Coronet's motion for summary judgment, since as a matter of law Coronet had a duty to pay uninsured motorist benefits to the plaintiffs. We further conclude that the trial court was correct in granting the plaintiffs' motion for summary judgment and directing Coronet to proceed to arbitration of plaintiffs' uninsured motorist claims.

Accordingly, for the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL and O'CONNOR, JJ., concur.