SECOND DIVISION
January 26, 2006

No. 1-04-3571

AMERICAN SERVICE INSURANCE COMPANY,    )    Appeal from the
)    Circuit Court of
    Plaintiff-Appellant,    )    Cook County.
)
          v.    )
)
KAROLINA PASALKA, CLARENCE DAVIS,    )
LAURA SANDIFER, MATILDA BRUCE, MACIEJ    )
A. CHOWANIEC, BEATA M. BOGDAN, JOHN    )
GRAY, PETIO NEYKOV, CINDY L. GRAHAM,    )
JEROME BROWN, DELTA COBBS, PEDRO    )
ROSALES, JESUS ROSALES, SILVIA TORRES,    )
THELMA NEAL, BENJAMIN GONZALES, JR.,    )
DEBRA TROTTER, MELISSA F. HUBERT, JAMES )
PATTON, BONNIE MESSANA, LUBA BUREK,    )
RAYMOND BUCKLEY, IVARI NINEMAE, GRETE    )
KUUK, TUULI TALV, KRISTAL LAMB, ESTER    )
CASTANEDA LOPEZ, DANIELLE GRIFFIN,    )
and TAWNEQUE WATFORD,    )    Honorable
)    Aaron Jaffe,
    Defendants-Appellees.    )    Judge Presiding.

JUSTICE WOLFSON delivered the opinion of the court:

The public policy of this State requires that an uninsured motorist provision be written into every auto insurance policy. In this case, the policies provided that no demand for arbitration of an uninsured motorist claim could be made more than two years after the accident. What happens, then, when the tortfeasor's insurance company does not go into liquidation until more than two years after the accident?

The plaintiff, American Service Insurance Company (ASI), denied uninsured motorist coverage to its insureds because they failed to file their claims for arbitration within two years of the accidents, pursuant to a limitation in their policies. In each case, the insureds were involved in accidents with other drivers who were insured at the time

of the accidents. However, the insurance companies covering the other drivers became insolvent more than two years after the accidents.

ASI contends the trial court erred in entering summary judgment for its insureds where they violated their policies by filing claims more than two years after the accidents. The insureds contend there was no reason to file claims for uninsured motorist coverage before the insurers became insolvent. They say the policies' two-year limitation was either ambiguous or unenforceable as a violation of public policy. We affirm the grant of summary judgment, with a slight modification.

FACTS

ASI brought the underlying declaratory judgment action against 22 of its policyholders and their passengers. Each of the policies provided coverage for "all sums which the insured or his/her legal representative shall be legally entitled to recover as compensatory damages *** from the owner or operator of an uninsured motor vehicle."

Under the policies, an uninsured motor vehicle includes:

"a motor vehicle with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident but the Company writing such policy is and is declared insolvent subsequent to the date of the accident."

The time limitation provision in the uninsured motorist coverage portion of the policy states, in part:

"No suit, action or arbitration proceedings for recovery of any

claim may be brought against this Company until the insured has fully complied with all the terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two (2) years after the date of the accident."

The insolvent insurers at issue are the Gallant Insurance Company (Gallant), Valor Insurance Company (Valor), Reliance Insurance Company (Reliance), and the Legion Indemnity Insurance Company (Legion). An order of liquidation was entered for Gallant/Valor on August 9, 2002, for Legion on April 9, 2003, and for Reliance on October 3, 2001. Each of the defendants was involved in an accident with a driver insured by Gallant, Valor, Reliance, or Legion. Each defendant filed a personal injury complaint within two years of the accident date. Following the liquidation of the insurers, the defendants sent correspondence to ASI demanding uninsured motorist arbitration. All of the defendants sent their demands for arbitration within two years of the date of insolvency; most were sent within one year of the insolvency. Demands were sent anywhere from two years to nearly seven years after the accident date.

In its complaint for declaratory judgment, ASI contended the claimants were not entitled to benefits under their policies, based on their failure to demand arbitration within two years of the accident date. ASI also asserted the equitable doctrine of laches and contended certain defendants failed to provide timely notice of the occurrence to ASI. The policies' notice provision provides:

"In the event of an accident or loss, written notice containing

particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and address of the injured and of available witnesses, shall be given by or on behalf of the insured directly to the Company as soon as practicable."

The trial court granted the defendants' motion for summary judgment. The court found the time limitation provision in the insurance policies was ambiguous. The court construed the provision in favor of the insureds, finding they "could not possibly have anticipated an uninsured motorist coverage claim that did not exist at the time of the accident." The court held the defendants were entitled to coverage and directed ASI to appoint an arbitrator and proceed to arbitration according to the policy provisions.

ASI filed a motion to clarify and reconsider the court's order, based on the court's failure to address the issues of laches and notice of occurrence, and the application of the court's order to those defendants who had not been served and had not filed an appearance in the case. The court denied the motion and entered an order finding that the summary judgment order "applie[d] to all party defendants."

On appeal, ASI contends: (1) the trial court erred in entering summary judgment in favor of the defendants on the issue of the time limitation provision; (2) the order granting summary judgment was not a final order; (3) summary judgment was not properly entered in favor of parties not yet served; (4) summary judgment was not properly entered in favor of parties who had not moved for it, including parties who had

not answered or appeared in the action; and (5) the trial court failed to address the issues of laches and the failure of certain defendants to provide notice of occurrence.

DECISION

I. Two-Year Time Limitation

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party's right to judgment is clear and free from doubt." Espinoza v. Elgin, Joliet & Eastern Ry. Co., 165 Ill. 2d 107, 113, 649 N.E.2d 1323 (1995). Our review of the trial court's grant of partial summary judgment is de novo. Zekman v. Direct American Marketers, Inc., 182 Ill. 2d 359, 374, 695 N.E.2d 853 (1998). The construction of the provisions of an insurance policy is subject to de novo review. Krusinski Construction Co. v. Northbrook Property & Casualty Insurance Co., 326 Ill. App. 3d 210, 218, 760 N.E.2d 530 (2001).

The defendants contend, and the trial court held, that the time limitation provision in the policies is ambiguous. Our primary objective in construing the language of an insurance policy is to ascertain and give effect to the intent of the parties to the contract. Crum & Forster Corp. v. Resolution Trust Corp., 156 Ill. 2d 384, 391, 620 N.E.2d 1073 (1993). If the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning. Gillen v. State Farm Mutual Automobile Insurance Co., 215 Ill. 2d 381, 393, 830 N.E.2d 575 (2005). If the terms are susceptible to more than one meaning, they are ambiguous and will be construed strictly against the insurer. American States Insurance Co. v. Koloms, 177 Ill. 2d 473, 479, 687 N.E.2d 72 (1997). Any unresolved ambiguity will be construed against the insurer. Gillen, 215 Ill. 2d at

5

393.

We see no ambiguity in the provision at issue. The policy provision could not be clearer. Under the uninsured motorist portion of the policy, each policyholder is required to make his or her demand for arbitration within two years of the date of the accident. There is only one logical meaning to be gleaned from the provision. Where, as here, an insured fails to demand arbitration within two years of the accident date, under the contract ASI may deny coverage.

But that is not the end of the inquiry. We next consider whether the time limitation provision violates the public policy behind uninsured motorist insurance coverage. Although the trial court did not base its decision on a public policy argument, we may affirm on any basis appearing in the record. Redland Insurance Co. v. Lerner, 356 Ill. App. 3d 94, 98, 824 N.E.2d 1096 (2005).

Where provisions in an insurance contract do not violate law or public policy, courts must enforce them without rewriting them or injecting terms not agreed to by the parties. Coronet Insurance Co. v. Ferrill, 134 Ill. App. 3d 483, 485, 481 N.E.2d 43 (1985). Courts will not enforce a contract, however, if it is in fundamental conflict with public policy. Ferrill, 134 Ill. App. 3d at 485.

Section 143a of the Illinois Insurance Code requires insurers to provide uninsured motorist coverage, and such coverage shall be applicable when the tortfeasor's insurer becomes insolvent, subject to the "terms and conditions" established by the insurer. 215 ILCS 5/143a (West 2002). "It is well-settled law that the purpose behind the statutorily mandated uninsured motorist provision is that the insured be

placed in substantially the same position as if the wrongful uninsured driver had been minimally insured." Hoglund v. State Farm Mutual Automobile Insurance Co., 148 Ill. 2d 272, 277, 592 N.E.2d 1031 (1992).

That is, the intent of the legislature in enacting section 143a was to ensure that persons injured by an uninsured motorist are protected at least to the extent that compensation is made available to persons injured by a motorist insured for the minimum legal limits. Severs v. Country Mutual Insurance Co., 89 Ill. 2d 515, 519, 434 N.E.2d 290 (1982). "The purpose underlying a statute cannot be circumvented by the insertion of a contrary or restricting provision in an insurance policy." Severs, 89 Ill. 2d at 520.

Although no Illinois court has decided the precise question before us, courts have invalidated similar provisions in the context of uninsured motorist benefits.

In Ferrill, 134 Ill. App. 3d at 484, a provision in the policy required an insured to notify Coronet of an uninsured motorist claim within one year of the insolvency of the tortfeasor's insurer. The insurer rejected the policyholder's uninsured motorist claim because the insured filed his claim more than one year after the tortfeasor's insurer was declared insolvent. Ferrill, 134 Ill. App. 3d at 485. The court held Coronet previously had received notice of the accident giving rise to the claim. Ferrill, 134 Ill. App. 3d at 486. The one-year limit served no notice purpose other than to limit Coronet's liability. Ferrill, 134 Ill. App. 3d at 486-87.

The court held the challenged one-year notice provision as applied "impermissibly limits the time within which the policyholder may assert the insolvency of

his opponent's insurer to one year, whether the policyholder knows of it or not." Ferrill, 134 Ill. App. 3d at 487. The court found application of the discovery rule would give full, fair, and reasonable effect to the policy terms as written. Ferrill, 134 Ill. App. 3d at 488. Under this rule, the one year notice period requirement would not begin to run until the claimant knew or reasonably should have known of the insolvency of the other motorist's insurer. Ferrill, 134 Ill. App. 3d at 488.

In Moses v. Coronet Insurance Company, 192 Ill. App. 3d 921, 922, 549 N.E.2d 739 (1989), the court considered the same policy limitation as in Ferrill and found it invalid. The court held the one-year limitation provision was overly restrictive and violated the public policy set forth in the Insurance Code. Moses, 192 Ill. App. 3d at 925. Where "an insurer attempts to place limits on the uninsured motorist provisions of its insurance policy, the limitations must be liberally construed in favor of the policyholder and strongly against the insurer." Moses, 192 Ill. App. 3d at 923-24. The court said section 143a of the Insurance Code, which required the policy to contain an uninsured motorist provision, does not state a limit as to when an uninsured motorist claim may be brought. Therefore, the court applied the 10-year statute of limitations applicable to contract actions and directed Coronet to proceed to arbitration of the plaintiffs' claims. Moses, 192 Ill. App. 3d at 924-25, 926.

In Burgo v. Illinois Farmers Insurance Co., 8 Ill. App. 3d 259, 261, 290 N.E.2d 371 (1972), the uninsured motorist provision required the policyholder to demand arbitration within one year of the date of the accident. The court held that if the practical effect of the one-year limitation provision was to deny the insured the contracted

10

uninsured motorist coverage required by statute, then the provision is void and without effect. Burgo, 8 Ill. App. 3d at 263.

> "[T]here is a possibility that the uninsured status of a tort-feasor may not be determined until several years after the accident. In this situation the insured would be defeated by the one-year provision without having the opportunity to invoke the coverage he had been paying for, because the insured plaintiff had no way of knowing the tort-feasor defendant would become an uninsured motorist. *** The one-year limitation in the policy is a dilution or diminution of the uninsured motorist statute and is an attempt to defeat the intent and the purpose of the statute." Burgo, 8 Ill. App. 3d at 263-64.

Here, the provision required the insureds to demand arbitration within two years of the accident date. There is no exception made for an insured who could not discover the insolvency of the tortfeasor's insurer before the two-year limitation has passed. Where the company becomes insolvent after the deadline, the insured is denied the insurance coverage for which he or she has contracted and paid premiums. The provision clearly is intended to defeat uninsured motorist coverage. As applied to these insureds, it violates section 143a of the Insurance Code and the public policy of Illinois to provide uninsured motorist coverage in every automobile insurance policy.

ASI contends courts in other cases have enforced similar time limitations and

refused to find a public policy violation. The cases relied on by ASI, however, involve underinsured motorist claims rather than uninsured motorist claims.

In Hannigan v. Country Mutual Insurance Co., 264 Ill. App. 3d 336, 338, 636 N.E.2d 897 (1994), the plaintiff made a written demand for arbitration on her insurer based on a claim of underinsurance. The insurer denied plaintiff's claim because it was made more than two years after the accident date, in violation of an express provision in the insurance policy. Hannigan, 264 Ill. App. 3d at 338.

The Plaintiff contended she did not discover the inadequacy of the tortfeasor's insurance until after the two-year limitation period had run. Hannigan, 264 Ill. App. 3d at 338. The court held the language of the policy was clear and unambiguous. The plaintiff failed to meet the requirement of serving notice of arbitration on her insurer within two years after the date of the accident. Hannigan, 264 Ill. App. 3d at 340. The court did not address, nor did the plaintiff raise, a public policy argument like the one made in this case.

In Shelton v. Country Mutual Insurance Company, 161 Ill. App. 3d 652, 654, 515 N.E.2d 235 (1987), the issue was whether the plaintiff's underinsured motorist claim was barred by the two-year limitation provision in the policy. The other driver's policy had a limit of $25,000, which was paid about 16 months after the accident. Approximately two months later, the plaintiff's attorney sent Country Mutual a "Notice of Attorney's Lien" asserting that she had hired him to prosecute her claim for underinsured motorist benefits. Shelton, 161 Ill. App. 3d at 654. No further course of action was pursued on the plaintiff's claim. Country Mutual denied the claim on the

12

basis that the two-year limitation had passed.

The court found the two-year limitation provision was not ambiguous and did not violate public policy.  Shelton, 161 Ill. App. 3d at 659-60.  The court distinguished the cases involving uninsured motorist claims.  The rationale in uninsured motorist coverage cases, relating to placing the accident victim in at least as good a position as he would have been had the tortfeasor obtained the minimum insurance required by law, was not applicable to underinsurance cases.  Shelton, 161 Ill. App. 3d at 659-60.

In Vansickle v. Country Mutual Insurance Co., 272 Ill. App. 3d 841, 651 N.E.2d 706 (1995), the court upheld the two-year limitation provision.  The court held an insured can sufficiently allege a cause of action for underinsured motorist benefits if she has sufficient facts to proceed against the tortfeasor.  Vansickle, 272 Ill. App. 3d at 843.  The only other requirements are that the insured's damages and the underinsured motorist coverage exceed the tortfeasor's liability insurance.  Vansickle, 272 Ill. App. 3d at 843.  The court said, "[i]nsurance companies that utilize suit limitation provisions must expect to be subjected to lawsuits which allege the likelihood of liability under the UM-UIM coverage."  Vansickle, 272 Ill. App. 3d at 843.

Following Vansickle, the court in Parish v. Country Mutual Insurance Co., 351 Ill. App. 3d 693, 697, 814 N.E.2d 166 (2004), held that although the plaintiffs may not have been aware of the extent of their damages until after the expiration of the two-year limit, "they should have been aware of the tortfeasor's limited insurance coverage from Geico and the possibility their damages could exceed the tortfeasor's limited coverage over the period of months or years necessary to resolve their claim."

1-04-3571

In contrast to the underinsurance cases, where the insureds had knowledge of the extent of the tortfeasors' insurance coverage prior to expiration of the deadline, or at least had the ability to learn of the extent of coverage, the insureds in this case could not have known the tortfeasors' insurers would become insolvent. The insolvencies did not occur until after the limitations period had passed.

ASI compares this case to Urban v. Loham, 227 Ill. App. 3d 772, 592 N.E.2d 292 (1992), and Burton v. Ramos, 341 Ill. App. 3d 122, 792 N.E.2d 362 (2003). Those cases do not apply here. Both cases involved setoff of insurance from a state insurance guaranty fund. In neither case was the issue of the validity of the time limitation in the insurance policy before the court.     ASI contends the insureds should have preserved their rights by sending a notice of claim and demand for arbitration before the two-year deadline had passed, even though the tortfeasor's insurer had not yet been declared insolvent. We do not agree. To require every insured to file an uninsured motorist claim in the event the tortfeasor's insurer becomes insolvent at some time in the future is neither logical nor practical. ASI's suggestion would place a burden on policyholders and their counsel to file numerous unnecessary and questionable claims. The solution to what occurred in this case is in the hands of the people who prepare insurance contracts.

We have no quarrel with an insurer's right to limit its exposure, but there is nothing reasonable about a limitation that blatantly attempts to defeat the protection mandated by statute. For the defendants in this case, coverage was illusory. We find the uninsured motorist notice of claim provision, as applied to these defendants under

14

the circumstances in this case, was unenforceable.

While there is no case in Illinois directly addressing this issue, courts in other states have issued decisions consistent with our view. See, e.g., Faeth v. State Farm Mutual Automobile Insurance Co., No. 118/03-1552, slip op. at 15 (Iowa December 23, 2005) (application of the contractual limitation on a claim for uninsured motorist coverage, which serves to extinguish an uninsured-motorist claim before it accrues, is unreasonable and unenforecable); Kraly v. Vannewkirk, 69 Ohio St. 3d 627, 635, 635 N.E.2d 323 (1994) (an insurance provision establishing a limitations period that expires before or shortly after the accrual of the right of action for uninsured motorist coverage is per se unreasonable and violative of public policy).

II. Final Order/Summary Judgment Issues

ASI contends the trial court's order was not a final order because it did not dispose of all the issues before the court, including laches and breach of notice of occurrence, and contends the court lacked jurisdiction over those defendants who had not been served. ASI further contends the court erred in entering summary judgment in favor of those parties who had not been served, and in favor of parties who had not moved for summary judgment.

ASI cites no supporting legal authority for these contentions. Under Supreme Court Rule 341(e)(7), an appellant's brief "shall contain" "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied

15

1-04-3571

on." 188 Ill. 2d R. 341(e)(7). A party's failure to raise arguments or cite supporting authority is a violation of Supreme Court Rule 341, and we may consider those issues waived. <u>Owens v. Snyder</u>, 349 Ill. App. 3d 35, 45 (2004); <u>Estate of Carolyn J. Jackson</u>, 354 Ill. App. 3d 616, 620 (2004).

Waiver aside, we find the trial court's order was a final order. An order is final if it terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or on some definite part of it. <u>Waters v. Reingold</u>, 278 Ill. App. 3d 647, 651, 663 N.E.2d 126 (1996). ASI contends the trial court failed to dispose of all the issues in ASI's complaint. Specifically, the court did not consider the allegations of laches and certain defendants' failure to notify ASI of the occurrence "as soon as practicable." Where an order granting summary judgment does not dispose of all the issues as to plaintiffs and defendants, the order is not a final order upon which the cause may be dismissed. <u>In re Estate of Albergo</u>, 275 Ill. App. 3d 439, 656 N.E.2d 97 (1995). But see <u>Diggs v. Suburban Medical Center</u>, 191 Ill. App. 3d 828, 836, 548 N.E.2d 373 (1989) (an order granting summary judgment is a final order).

The trial court's written order does not mention the issues of laches or notification of occurrence. It is not clear whether these issues were raised in the summary judgment hearing because the record contains no transcript of the oral arguments prior to the entry of summary judgment. In the absence of a complete record supporting ASI's claim of error, we presume the trial court considered the issues. <u>Foutch v.</u>

16

1-04-3571

O'Bryant, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." Foutch, 99 Ill. 2d at 392.

We agree that the trial court's order did not apply to the defendants who were not served and had not appeared in the action, because those defendants were not "parties." Where a named insured has not been served and has not appeared, the court has no jurisdiction over the named insured, and he is not bound by an adjudication. Safeway Insurance Co. v. Harvey, 36 Ill. App. 3d 388, 392, 343 N.E.2d 679 (1976). "Basic notions of due process forbid the entry of a decree affecting the interests of a party not before the court." Safeway, 36 Ill. App. 3d at 392. However, there is no reason to invalidate the entry of summary judgment in favor of those defendants who were served and made parties to this action.

Finally, we see no error in the court's order entering summary judgment for all "party defendants," even though some of the defendants had not moved for summary judgment. The issue of the time limitation provision was identical as to each of the defendants. ASI had a sufficient opportunity to respond to the motions for summary judgment that were filed, and ASI makes no claim of prejudice or lack of notice prior to the court's entry of summary judgment.

CONCLUSION

17

1-04-3571

We affirm the entry of summary judgment in favor of the defendants who were properly served. The entry of summary judgment does not apply to defendants Talv, Lopez, Griffin, and Watford.

Affirmed with modifications.

GARCIA, P.J., and HALL, J., concur.